**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30021 |
| Plaintiff - Appellee, | D.C. No. 2:09-CR-00285-MJP-01 |
| v. | |
| XIN HE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted November 5, 2010
Seattle, Washington

Before: B. FLETCHER and BYBEE, Circuit Judges, and WILKEN, District
Judge.[**]

Xin He appeals her felony conviction, following a bench trial, of

misbranding of a drug held for sale, with intent to defraud or mislead, in violation

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Claudia Wilken, United States District Judge for the
Northern District of California, sitting by designation.

of 21 U.S.C. §§ 331(k) and 333(a)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We find sufficient indicia in the record to support a conclusion that the district judge properly interpreted 21 U.S.C. § 333(a)(2).  Thus, we review whether there was sufficient evidence to support Appellant's felony conviction.  Our review of the sufficiency of evidence is governed by Jackson v. Virginia, 443 U.S. 307 (1979).  United States v. Nevils, 598 F.3d 1158, 1163-64 (9th Cir. 2010).  First, we consider "the evidence presented at trial in the light most favorable to the prosecution."  Id. at 1164.  We then "determine whether this evidence, so viewed, is adequate to allow 'any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Jackson, 443 U.S. at 319).  Reversal is appropriate only "if the evidence of innocence, or lack of evidence of guilt, is such that all rational fact finders would have to conclude that the evidence of guilt fails to establish every element of the crime beyond a reasonable doubt."  Nevils, 598 F.3d at 1165.

In the count she appeals, Appellant was charged with offering "for sale as Botox® a drug which was not Botox®" with intent to defraud and mislead, a felony misbranding offense.  See 21 U.S.C. §§ 331(k), 333(a)(2) and 352(i).  The government presented evidence that, in China, Appellant received medical training

and worked as a surgery room nurse and, in the United States, received training and worked as a licensed dental assistant, attended cosmetology school and was licensed as a manicurist and an esthetician. Appellant's website represented that she was a registered nurse, which was false, and that her clinic followed recommendations by the Centers for Disease Control and Prevention. Appellant testified that these statements were included to lead consumers to believe that she was a professional.

This evidence, if viewed in the light most favorable to the government, could lead a rational fact finder to conclude that Appellant was sufficiently sophisticated to know that the vials labeled with Chinese characters that she obtained in China and smuggled into the United States did not contain authentic Botox, even if she believed the contents were chemically identical to Botox. This knowledge, considered along with Appellant's misrepresentation and failure to disclose material facts at the time she offered the substance for sale, could lead a rational fact finder to conclude beyond a reasonable doubt that she had the requisite intent to defraud or mislead in connection with offering a misbranded drug for sale. Accordingly, we uphold Appellant's felony misbranding conviction.

**AFFIRMED.**